**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Northern Division**

|  |  |
|---|---|
| DOLPHIN MARINE LIMITED,<br><br>            Plaintiff,<br>      v.<br><br>ECHO MARINE SHIPPING SERVICES DMCC, also known as EMSS FZCO,<br><br>            Defendant. | Case No.<br><br><br>**IN ADMIRALTY** |

## VERIFIED COMPLAINT

Plaintiff Dolphin Marine Limited, by and through its attorneys Blank Rome LLP, and pursuant to Supplemental Admiralty Rules B and E, files this Verified Complaint seeking security in aid of foreign proceedings against Defendant Echo Marine Shipping Services DMCC, also known as EMSS FZCO ("EMSS FZCO" or "Defendant").   Specifically, Plaintiff seeks the attachment of the fuel bunkers owned by Defendant and aboard the M/V ARGOS M.  In further support thereof, Plaintiff would respectfully show the Court as follows:

## JURISDICTION AND VENUE

1.       This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure because Plaintiff's claims arise from Defendant's tortious and fraudulent issuance of maritime bills of lading and related conduct in connection with the carriage of goods by sea. This Court has admiralty jurisdiction pursuant to 28 U.S.C. § 1333 and Rule B. This action is brought to obtain security for ongoing proceedings in Dubai.

2.       Venue is proper in this District because Defendant's property is located within this District.

1

**THE PARTIES**

3.      Plaintiff Dolphin Marine Limited is a company organized under the laws of Cyprus, with its registered office at 44-50 Emmanuel Roides Str, Kirzis Center, Block A, Office 21, P.O. Box 57291, Limassol, Cyprus.

4.      Defendant Echo Marine Shipping Services DMCC, also known as EMSS FZCO, is, on information and belief, a company organized under the laws of the United Arab Emirates, with its principal office at Unit 2005, Indigo Icon Tower, Jumeirah Lakes Towers, Cluster F, P.O. Box 9607, Dubai, UAE.  Plaintiff understands, based on confirmation from London counsel, that Echo Marine Shipping Services DMCC and EMSS FZCO are one and the same entity or a continuation of the same entity, and that the change in designation from DMCC to FZCO was required by Dubai authorities.  EMSS FZCO is the time charterer of the vessel M/V ARGOS M (IMO No. 9502788) which is carrying the subject bunkers that are the target of this Rule B attachment action.

**FACTUAL BACKGROUND**

5.      Plaintiff is the disponent owner of the M/V GRACE, having chartered that vessel from the head owners, Tokyo Cement Lanka LLC, under a time charter party dated 25 December 2024.

6.      On 3 July 2025, Plaintiff sub-chartered the M/V GRACE to Tradewell Global Shipping Pte Ltd ("Tradewell"), which in turn sub-chartered the vessel to Defendant EMSS FZCO under a charterparty also dated 3 July 2025.

7.      During the commercial voyage of the M/V GRACE from Khalifa Port, UAE to Antwerp, Belgium, Defendant EMSS FZCO caused to be issued a set of bills of lading (numbered EMSS202514D through EMSS202514O) in its own name as carrier, through Polaris Shipping Agencies LLC, without authorization from the vessel's Master, the head owners, or Plaintiff.

8. The Master had issued a Letter of Authority dated 4 August 2025 authorizing Polaris to sign bills of lading on his behalf, subject to express conditions including that the bills be signed "As agent for the Master" and strictly in accordance with the Mate's Receipts. Defendant's bills of lading violated these conditions: they named EMSS FZCO as the carrier, omitted cargo condition remarks from the Mate's Receipts, and were not signed on behalf of the Master.

9. On 19 September 2025, while the M/V GRACE was discharging at Antwerp, Belgium, cargo interests arrested the vessel in reliance upon Defendant's unauthorized bills of lading. The arrest applications were brought against EMSS FZCO as the named carrier on those bills.

10. Despite the arrest being brought against EMSS FZCO on the basis of its own bills of lading, Defendant refused to provide security to lift the arrest. The head owners likewise refused to provide security on the basis that the claims were against EMSS FZCO, not the head owners.

11. As a result, Plaintiff was compelled to arrange for security in the total amount of approximately USD 660,000 through Letters of Undertaking issued by the head owners' P&I Club (the American Steamship Owners Mutual Protection and Indemnity Association, Inc.) on 13 November 2025, in order to secure the release of the M/V GRACE.

12. As a direct and proximate result of Defendant's tortious conduct in issuing unauthorized and fraudulent bills of lading, Plaintiff has suffered damages in the amount of USD 1,701,233, comprising the value of the security provided, legal and procedural expenses, operational losses from vessel downtime, and hire payable to head owners during the period of detention.

160579.06501/127004439v.1

13.     Plaintiff has commenced proceedings before the Courts of Dubai (Case No. 2026/149696) against Defendant Echo Marine Shipping Services DMCC, also known as EMSS FZCO, asserting claims in tort for fraud and seeking damages in the amount of **USD 1,701,233**.

14.     Plaintiff performed all obligations required of it under the charterparty chain, but Defendant's tortious conduct in issuing unauthorized bills of lading caused the arrest of Plaintiff's vessel and the resulting damages.

15.     Plaintiff seeks security in aid of its claims pending before the Courts of Dubai.

**COUNT I**
**<u>REQUEST FOR ORDER OF MARITIME ATTACHMENT</u>**

16.     Plaintiff seeks issuance of Process of Maritime Attachment and Garnishment in order to obtain security for its maritime claims against Defendant arising from Defendant's unauthorized and fraudulent issuance of bills of lading, which caused the arrest of the M/V GRACE and resulting losses to Plaintiff.

17.     No security for Plaintiff's claims has been posted by Defendant, or anyone acting on its behalf, to date.

18.     Based upon information and belief, EMSS FZCO is currently operating as time charterer of the vessel M/V ARGOS M (IMO No. 9502788).  The designated ship agent for the ARGOS M has confirmed that it was appointed by EMSS FZCO for the vessel.

19.     Based upon information and belief, the ARGOS M will call Baltimore, Maryland, on or around August 11, 2026.

20.     Upon information and belief, and after investigation, Defendant Echo Marine Shipping Services DMCC, also known as EMSS FZCO, cannot be "found" within this District for purposes of Rule B and LAR(b)(1), *see* Hamra Decl. ¶¶ 6-12, but Defendant has, or will during the pendency of this action have, assets within this District comprising, inter alia, goods, chattels,

4

credits, debts, effects and monies, funds, accounts, letters of credit, or other tangible or intangible property which belong to it, are claimed by it, are being held for it or on its behalf, are due to it, or are being transferred for its benefit, within this jurisdiction. *See id.* ¶¶ 13-16.

21.    Specifically, based upon industry custom and practice, a charterer under a time charter party is responsible to pay for bunkers for the vessel during the pendency of the time charter.

22.    As such, the bunkers onboard the ARGOS M constitute property and/or assets of Defendant Echo Marine Shipping Services DMCC, also known as EMSS FZCO, in the district within the meaning of Rule B.

23.    This action has been filed in accordance with Rule B to obtain *quasi in rem* jurisdiction over Defendant and to secure Plaintiff's claims.

24.    The total amount of Defendant's property to be attached is **USD 1,701,233.**

## PRAYER

WHEREFORE**,** Plaintiff prays as follows:

    (i) That process in due form of law issue against Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

    (ii) That since Defendant cannot be found within the District pursuant to Rule B, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching Defendant's goods, chattels, credits, bills of lading, debts, effects and monies, funds, accounts, letters of credit, or other tangible or intangible property which belong to it, are claimed by it, are being held for it or on its behalf, or which are being transferred for its benefit, within this District in an amount sufficient to secure Plaintiff's claims, and that all persons claiming an interest in the property attached be cited to appear and, pursuant to Rule B, answer the matters alleged in the Verified Complaint;

    (iii) That the Court grant Plaintiff leave to serve any additional garnishee(s) who may, upon information and belief obtained in the course of this action, be holding, or believed to be holding, property

of the Defendant within this District;

(iv) That the Court enter an order for any process that is served on a garnishee to be deemed effective and continuous service throughout the remainder of the day upon which service is made commencing from the time of such service; and such service to be further deemed effective through the end of the next business day, provided that another service is made that day, and to authorize service of process via facsimile or e-mail following initial personal service;

(v) That, following attachment, this matter be stayed pending litigation in Dubai, and that this Court retain jurisdiction over this matter through the entry of a final judgment or award associated with the claims including appeals thereof; and

(vi) That the Court grant any other relief in favor of Plaintiff that it deems just and proper under the circumstances.

Dated: August 10, 2026

Respectfully submitted,

**BLANK ROME LLP**

*/s/ Luke M. Reid*

Luke M. Reid (Bar No. 31228)
Luke.Reid@blankrome.com
125 High Street, 3rd Floor
Boston, MA 02110
617-415-1200

William R. Bennett, III*
William.Bennett@blankrome.com*
Noe S. Hamra*
Noe.Hamra@blankrome.com
Carmella R. O'Hanlon
Carmella.Ohanlon@blankrome.com
1271 Avenue of the Americas
New York, NY 10020
212-885-5000

*Attorneys for Dolphin Marine Limited*

*\* Admission pro hac vice to be filed*

6

## <u>ATTORNEY VERIFICATION</u>

Pursuant to 28 U.S.C. § 1746, Noe S. Hamra, declares and states:

1.      I am a partner with the law firm Blank Rome LLP, attorneys for Plaintiff in this action. I have read the foregoing Verified Complaint and know the contents thereof, and the same are true to the best of my knowledge, information, and belief.

2.      I am authorized to make this Verification on behalf of Plaintiff.

3.      The sources of my information and the grounds for my belief are communications, information, and documents provided by Plaintiff and/or by representatives or counsel of Plaintiff.

4.      The reason this Verification is made by an attorney and not by Plaintiff is because Plaintiff is a foreign corporation with no officers or directors within this District.

I declare under penalty of perjury that the foregoing is true and correct.


Dated: New York, New York
     August 10, 2026

*Noe S. Hamra*
_____
          Noe S. Hamra